J. K. EVANS *et al.*, plaintiffs in error, *vs.* J. P. and W. C. BAIRD, defendants in error.

(BY TWO JUDGES.)—1. Where in ejectment plaintiff shews title from the State to himself, and defendant relies on adverse possession under color of title, it is competent for plaintiff to show, in rebuttal, infancy on the part of one of his grantors, even after the evidence has closed and argument commenced, if the existence of such fact then come to his knowledge for the first time.

2. When a party claims adversely it is not necessary for him to shew that he went into possession *bona fide.* This will be presumed until the contrary appears. 27th February, 1872.

Ejectment. Presumption. Infancy. Before Judge HAR-RELL. Terrell Superior Court. May Term, 1871.

This was ejectment by Doe upon the several demises of Joshua K. Evans, Alexander Holmes and Thomas Holmes. It was begun in December, 1869. Plaintiff read in evidence a grant from the State to Alexander Holmes, traced title from Holmes to Henrietta V. Hart, read in evidence a deed from her to Eugene N. Hart, made the 9th of March, 1858, and a deed from him to Evans, dated the 7th of August, 1866. With evidence as to *mesne* profits, etc., plaintiff closed.

Defendants relied upon a prescriptive right (seven years' possession) to the premises. They read in evidence a sheriff's deed made in November, 1860, without the *fi. fa.* under which the sale was made. This was objected to, but the Court ruled that the *fi. fa.* was not necessary where defendants were only showing color of title. It was shown that defendant's possession, under said sheriff's deed, had been continuous since the date of said sheriff's deed.

After plaintiff's counsel had opened the argument to the jury, he stated to the Court that he had just learned that Eugene N. Hart was a minor until 1865, and proposed to amend by laying a demise in Hart's name, and to prove his infancy as aforesaid. The Judge said that such amendment would do no good, as he had shown title out of Hart and re-

Evans *et al. vs.* Baird.

fused then to allow said proof of infancy. The amendment was not made.

In argument, plaintiff's counsel requested the Court to charge the jury that defendant's prescription was bad unless they held possession *bona fide.* He did not so charge. When his charge was ended, his attention was called to the failure to charge as requested, to which he replied that the request was not in writing, and did not so charge. He charged that the *fi. fa.* was not necessary evidence as a basis of color of title. The jury found for defendant. A motion for new trial was made upon the grounds that the Court had erred in the several rulings, charge and refusal to charge. . He refused a new trial, and that is assigned as error.

VASON & DAVIS, by C. B. WOOTEN, for plaintiffs in error.

F. M. HARPER, by CLARK & GOSS, for defendants.

MONTGOMERY, Judge.

The plaintiffs brought ejectment against the defendants and showed complete title in himself from the State. One of the links in the chain of his title was a deed from one Hart to Joshua Evans, lessor of the plaintiff. Defendants claimed by adverse possession, and offered in evidence a deed from the sheriff to themselves, dated in November, 1860, which recited that the land had been sold as the property of one Sutton, whose name did not appear in the plaintiff's chain of title. Both sides having closed, the argument commenced, during which the plaintiff moved to withdraw the case from the jury, and to introduce evidence that Hart was a minor up to 1865, in rebuttal of defendant's claim by prescriptive title, stating that this evidence had just come to his knowl-edge. The Court refused to permit him to do so. The argument proceeded, and at its close plaintiff requested the Court to charge the jury, in substance, that unless the evidence showed that the defendants went into possession *bona*

*fide* they could not claim by prescriptive title. The Court refused the charge. We think the Court should have admitted the evidence of the infancy of Hart, but that he was right in refusing the charge requested. If Hart's infancy was of sufficient duration, while the title was in him, to present the completion of the statutory bar, (as it was from the evidence, the deed to him being dated March 9th, 1858, and the deed from him being dated August 7th, 1866,) then his infancy was a complete reply to the adverse claim of the defendant, subject, of course, to any proof in rebuttal that the latter might be able to make. And the record shows no *laches* on the part of plaintiff in not obtaining knowledge of Hart's infancy before the trial.

Judgment reversed.