## HALL *vs.* GAY.

Actual adverse possession of lands for twenty years gives good title by prescription against every one except the state or persons laboring under disabilities. The possession must be in the right of the possessor, and must not have originated in fraud ; but fraud will not be presumed unless proved.

(*a.*) A prescription by mere possession will not extend beyond the actual *possessio pedis* of the prescriber.

Title. Prescription. Ejectment. Before W. H. WILEY, Esq., Judge *pro hac vice.* Laurens Superior Court. August Term, 1881.

Reported in the decision.

D. M. ROBERTS ; C. C. SMITH, for plaintiff in error.

No appearance for defendant.

CRAWFORD, Justice.

L. A. Hall brought his action of ejectment against Isaac Gay, to recover lot of land No. 285, in the 12th district of Laurens county. The plaintiff relied upon a grant from the state, with a chain of title to himself; the defendant relied upon twenty years adverse possession. The jury found for the defendant, whereupon the plaintiff asked for a new trial, because the verdict

was contrary to evidence, contrary to law, and contrary to the charge of the court. The refusal to grant the new trial is the error alleged.

The proof shows that the defendant went into possession of the land in dispute in 1855, and suit was brought to the October term, 1879, of Laurens superior court. The defendant first built a shop upon the land, then his dwelling-house, in which he had lived continuously from his first settlement. He had forty-five or fifty acres of land enclosed and in cultivation, he commenced by clearing one or two acres, then ten or twelve, and increased the quantity up to forty-five or fifty. His acts of ownership, as he claimed, were exercised over all the lot; but that part of it which was unenclosed only by cutting rail and board timber and house logs whenever he desired.

We think that the court erred in not granting a new trial; for whilst under the law and the testimony the verdict for the defendant was right under his prescriptive title of twenty years, the same could not extend beyond the actual *possessio pedis* of the defendant, and the verdict beyond that limit was contrary to law.

"Actual adverse possession of land by itself for twenty years gives a good title by prescription against every one, except the state, or persons laboring under disabilities." Code, §2682. No paper title is necessary, nothing but actual *bona fide* possession, this is all which the law requires. The possession which the law makes the foundation of a prescriptive title must be in the right of the possessor, and not of another, and must not have originated in fraud. Code, §2679.

No fraud was shown in this case, and none is to be presumed. "When a party claims adversely, it is not necessary for him to show that he went into possession *bona fide.*" *Evans vs. Baird, 44 Ga., 645.*

Possession accompanied by acts of ownership is presumed to be lawful until the contrary appears.

Judgment reversed.