McCULLOUGH v. EAST TENN., VA. & GA. RAILWAY CO.

*Simmons, C. J.*—This being an action for the recovery of land, and the evidence being such as to warrant the trial judge in entertaining the opinion that the jury ought to have found that the plaintiff's right of action was barred by prescription, there was no error in granting a new trial on this ground.

*Judgment affirmed.*

*Atkinson, J.*, concurring.—1. Title by prescription rests upon strict law, and the burden of proof is with the prescriber to show affirmatively, as against the person holding the legal title, not only that he falls within the class of persons, but that his occupancy is of such a character and for such a length of time as will entitle him to maintain his adverse possession; and this is true, whether the prescription claimed is as to the fee, or only as to an easement in the premises.

2. Although one may enter under a license as for a right of way from the owner of the fee, yet, in order to defeat by prescription the title of a tenant for years who claims under the same grantor with the licensee, but under a lease older than the license, such a licensee must show affirmatively not only his actual entry and occupancy of the way, but that the appropriation of the land so occupied by him was necessary to the enjoyment of the easement claimed, and to the exercise of the right of way to which his license extends.

3. Where a municipal corporation is the owner of land which is held by another under a lease from it for a term of years, a mere permission by the municipal corporation to a railroad company to so extend within the city limits its tracks as to connect two designated points in the city, does not amount to a license to occupy for that purpose any portion of the land previously leased by the former to a tenant for years; and if, under such permission, such railroad company do in fact enter upon and appropriate as for a right of way any portion of the premises so leased, an actual adverse occupancy for twenty years is necessary to the establishment of such right as by prescription. In such a case the occupancy must be continuous for the stated period, and the adverse claim be to the exercise of the identical right and to the same uses as those under which the original entry was made. An additional use cannot be engrafted upon the original right claimed, except by like adverse exercise of such additional right for a like period of twenty years.

4. Where the tenant for years, in an action of ejectment, sues for and exhibits, as against such a licensee, a perfect title to a tract of land, and the evidence shows an actual occupancy of a por-

tion of the premises under such circumstances as would have given to a person claiming a right of way thereon a title by prescription to such right of way, a verdict against the latter as to the entire premises should be set aside as unwarranted by the law and evidence; but in the absence of evidence showing to what extent the appropriation by him of the land sued for was necessary to the exercise of the easement claimed, a judgment awarding a new trial, upon the ground that the prescriber showed a complete right to its right of way over the entire premises sued for, was too broad.

5. Under such circumstances, the grant of a new trial was proper; but the judgment, in so far as it undertook as matter of law to decide as to the entire premises sued for, adversely to the true owner and in favor of the prescriber upon the question of prescription, was error.

December 2, 1895.

Complaint for land. Before Judge Sweat. Glynn superior court. May term, 1895.

*Crovatt & Whitfield*, for plaintiff.
*Goodyear, Kay & Brantley*, for defendant.