BAXLEY *v.* BAXLEY.

1. A deed is not duly recorded on the affidavit of one whose name was affixed to the usual attestation clause, but who did not in fact hear the grantor acknowledge, or see him sign the instrument.

2. Actual possession of a part of the land described in such deed will not be construed to extend to the rest of the real estate embraced therein, even if a voluntary deed is an instrument which can ever be "duly recorded" under the registry law and the Civil Code, § 3587.

3. Where there was evidence of actual possession by the defendant, for more than seven years, of some of the property described in such deed, a verdict should not be directed in favor of the plaintiff, even though he was a purchaser for value and had made out a perfect paper title.

4. Possession, to be the foundation for a prescription, must not have originated in fraud; but direct evidence of bona fides is not required. A presumption of good faith arises from adverse possession.

Submitted January 13,—Decided February 7, 1903.

Complaint for land. Before Judge Bennet. Appling superior court. September 18, 1901.

*W. W. Bennett* and *J. C. Bennett*, for plaintiff in error.

LAMAR, J. 1. Both parties claimed under a common grantor. Plaintiff bought the land from J. W. Baxley for a valuable consideration, his deed being dated June 13, 1888, and properly recorded in July, 1888. The defendant's deed from J. W. Baxley was dated February 5, 1887, the consideration being love and affection. It was not recorded until April, 1890, and then improperly so, inasmuch as neither of the so-called attesting witnesses was present when the grantor signed. *White* v. *Magarahan*, 87 *Ga.* 217. The grantor handed the deed to defendant's husband, who subsequently obtained the signatures of two witnesses, and in this condition delivered it to his wife. Plaintiff testified that when he bought he had no notice that any one except J. W. Baxley had any interest in the land; and if so, being a purchaser for value, his title was superior to the rights of defendant, claiming under an older voluntary conveyance (Civil Code, § 3530), irrespective of its improper attestation and record, and irrespective of the question whether her deed had ever been delivered within the meaning of the law. If the case, therefore, rested simply upon a determination as to which was the superior record title, the direction of a verdict in favor of the plaintiff would have been correct.

2. The defendant, however, not only claimed under her voluntary deed, but insisted that she had been in possession of the land therein described for a period long enough to create prescriptive title. There was testimony that five acres of the tract conveyed had been fenced and kept under cultivation by her for more

than seven years. Had her deed been duly recorded, this would certainly have given constructive possession of the rest of the tract. Without deciding whether a voluntary conveyance can be duly recorded under the registry laws (*Martin* v. *White*, 115 *Ga.* 866), or within the meaning of the Civil Code, § 3587, it is sufficient to say that this deed was improperly recorded. The witnesses neither saw the grantor sign nor heard him acknowledge; the affidavit of probate, while apparently regular, is admitted to have been untrue in fact. Its record, therefore, gave no notice, and actual possession of five acres therein described can not be held to be constructive possession of the rest of the land. Still, the defendant did prove actual possession of five acres for more than seven years, and thereby made out a prima facie case for that much of the property sued for., For this reason, if for no other, the case should have been submitted to the jury, instead of directing a verdict.

3. There was also testimony that defendant had been in adverse possession of the other twenty-five acres, and had cut and sold cross-ties therefrom, besides exercising other acts of ownership. To this the plaintiff replied that he had permitted this defendant "to cut wood and do anything else with the land that they might want." The court should have permitted the jury, under proper instructions, to determine how much of the land was held in adverse possession, how such possession continued, and whether it was adverse or by permission of the plaintiff.

4. The husband of defendant, after testifying that no witnesses were present when the grantor signed the deed, but that their names had been affixed before he delivered it to his wife, offered further to testify that his wife "held the land in good faith, and without any mixture of fraud." If that proof had to be made directly, she alone could be heard to say that her holding was in good faith. She might testify to the fact of bona fides in her original entry. *Hale* v. *Robertson*, 100 *Ga.* 168. But in a case like this it is not necessary to offer direct testimony thereof. *Hall* v. *Gay*, 68 *Ga.* 442; cf. Civil Code, §§ 3696, 3597, 3589. Whether the entry was in good faith is usually more a conclusion of law than a fact which can be directly proved. If the possession has been open and notorious, accompanied with a claim of right and acts of ownership, a presumption of good faith arises, which may be rebutted by proof

of facts indicating bad faith. Many a prescription good in fact would fail if it were necessary to bring direct evidence of the bona fides of the original possessor. The possession may have continued for a generation and during all that period have measured up to the requirements of the code, and yet, because of his death, the heir might be unable to directly prove the good faith of the ancestor's entry. It is ordinarily easier for one to prove bad faith than to establish the contrary, except as it is evidenced by open, notorious, and adverse possession. Proof of these latter facts will take the place of express evidence of good faith.

*Judgment reversed. By five Justices.*