## BOWMAN *v.* OWENS *et al.*

1. The evidence was sufficient to authorize the jury to find that the mother of the plaintiffs, under whom they claimed, acquired a good prescriptive title to the property sued for, by reason of her adverse possession thereof for seven years under color of title.

2. If the administrator of a deceased cotenant sells and makes to the purchaser a deed to the entire property, and one claiming under such purchaser holds possession thereof under a duly recorded deed conveying the entire property, not as a cotenant but as sole owner of the entire property, there is an actual ouster of the other cotenants, and the latter have the right to sue for the possession of their interest.

3. There was evidence sufficient to authorize the jury to find the rental value of the property exclusive of improvements placed thereon by the defendant.

4. There was no error in the charge referred to in the 4th division of the opinion, of which complaint was made.

5. Declarations of one in possession of land in favor of his own title are admissible to prove that such possession was adverse.

6. Declarations in disparagement of his own title by one in possession of land, under whom the defendant in a statutory complaint for land holds, are admissible in evidence in favor of the plaintiff upon the trial of such case.

7. Where the defendant in a statutory complaint for land in his answer only seeks to set off against mesne profits the value of improvements placed on such land by him after he went into possession, the plaintiff is not entitled to recover mesne profits antedating the time when the defendant went into possession and was entitled to receive the profits of the land.

Argued February 5,—Decided July 1, 1909.

Complaint for land.  Before Judge Edwards.  Haralson superior court.  April 15, 1908.

*Griffith & Matthews,* for plaintiff in error.

HOLDEN, J.  The defendants in error brought a statutory complaint for land to recover land lot No. 738 in the 1st district and 4th section of Haralson county, and the mesne profits thereof. A verdict was rendered, making, among other findings, one for the plaintiffs for four fifths of the premises in dispute; and the defendant, who is the plaintiff in error in this court, filed exceptions to the overruling of his motion for a new trial. The plaintiffs were the children of Mrs. Nancy Owens, deceased, and claimed title to the land by reason of being the sole heirs at law of Mrs. Owens at the time of her death, except her husband, under whom the defendant claimed. The plaintiffs claimed that their mother acquired a good prescriptive title to the land, by reason of seven years adverse possession under color of title. The evidence upon the trial of the case showed, among other facts, the following: A deed to Nancy Owens to the land lot sued for, dated October 2, 1882, and recorded January 27, 1883. Nancy Owens, the mother of the four plaintiffs, died March 1, 1894, intestate. Her heirs at law were the plaintiffs and her husband, W. T. Owens, who died in 1895. Upon the husband's death an administrator was appointed upon his estate, and this administrator sold the land on March 1, 1897, and conveyed it by deed to Biggers. On the same day Biggers conveyed the land by deed to Jesse Beall, who conveyed it by deed to I. M. Estes on the 3d of September, 1897. Estes conveyed the land by deed to W. C. Walker, November 2, 1900. Walker conveyed the land by deed to the defendant, February 22, 1905. Each of these deeds was recorded soon after the date of its execution.

1. One assignment of error in the amendment to the motion for a new trial is that the court committed error in charging the jury that "if Mrs. Owens took this deed believing she was getting title, although it may have been paid for by another, if it was taken in her name and she believed she had title to it by virtue of this deed and held it" under this deed adversely for seven years, she acquired a good prescriptive title to the land, and her heirs, at her death, would inherit such title. Complaint is made that there was no evidence to authorize this charge; and that if the charge is proper, the verdict is contrary to evidence, for the reason "that there is no evidence authorizing the jury to find that Mrs. N. S. Owens ever took the deed believing that she was getting

title, or that she ever went into possession of the premises sued for under the deed, or that she ever held the same for seven years continuously, openly, and uninterruptedly and had actual occupation of it as would attract the attention of every adverse claimant." The defendant also claims that the verdict is contrary to law, because of the lack of such evidence. The evidence was sufficient to authorize the jury to find that Mrs. Owens, the mother of the plaintiffs, under whom they claim, held adverse possession of this land under color of title for seven years. There was evidence that her husband, under whom defendant claims, said, while in possession of the land after the death of his wife, that "the deed was in her name; . . the title to the land was in her; . . it left him in bad shape." A deed was made to her on October 2, 1882, and recorded on January 27, 1883. There was evidence to show that she and her husband resided on the land in 1883 and continuously thereafter until her death in 1894. The land was not only occupied but cultivated. While it is true that the Civil Code, § 3931, provides: "Possession by the husband with the wife is presumptively his possession, but it may be rebutted," the fact that the land was conveyed to the wife by deed duly recorded, and other evidence in the case, was sufficient to authorize the jury to find that the wife was in possession of the land, though the husband resided thereon with her, and that whatever possession he may have had was for and in her behalf. See, in this connection, *Walker* v. *Neil*, 117 *Ga.* 733 (45 S. E. 387). The evidence also authorized the jury to find that Mrs. Owens took the deed to her, recorded in 1883, believing she had a good title, and that she went into possession under this deed. See *Norris* v. *Dunn*, 70 *Ga.* 796, where, on page 800, it is said: "In Prescott *vs* Nevers, 4 Mason C. C. 330 (Fed. Cas. 11390), the rule is thus laid down by Story, J.: 'I take the principle to be clear, that, where a person enters into land under a claim of title thereto by a recorded deed, his entry and possession are referred to such title.'" The record of the deed raises a presumption that it was delivered to her. *Allen* v. *Hughes*, 106 *Ga.* 775 (32 S. E. 927); *Ross* v. *Campbell*, 73 *Ga.* 309; *Fletcher* v. *Horne*, 75 *Ga.* 134; *Stallings* v. *Newton*, 110 *Ga.* 875 (36 S. E. 227); *Goodwynne* v. *Bellerby*, 116 *Ga.* 901 (43 S. E. 275). It is not only true that fraud will not be presumed, but good faith will be presumed from adverse possession. *Hall* v. *Gay*, 68 *Ga.* 442;

*Evans* v. *Baird,* 44 *Ga.* 645; *Baxley* v. *Baxley,* 117 *Ga.* 60 (43 S. E. 436).

2. The defendant contends, that, if he did not own a clear and complete title to the land, he did own an undivided one-fifth interest therein, by reason of the fact that he acquired the title of the husband of Mrs. Owens, who inherited from her an undivided one-fifth interest in the property as one of her heirs at law; and that if Mrs. Owens at her death owned the property, the defendant, as an owner of an undivided one-fifth interest, was a cotenant with the plaintiffs; and that no suit to recover the land could be maintained against him under the evidence in this case. The Civil Code, §3145, provides: "There can be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in either of which events the cotenant may sue at law for his possession." The evidence in the case showed that the administrator of the husband did not purport to sell and convey simply the undivided interest of his intestate in the property, but sold and conveyed the entire fee, and that each of the several successive deeds in the defendant's chain of title likewise purported to convey the entire property, and they were recorded shortly after their execution. The defendant and some of those under whom he claims held exclusive possession of the property prior to the suit. Valuable and permanent improvements were erected thereon, and the defendant exercised acts of ownership showing that he claimed the entire property as his own. There is no evidence indicating that the defendant considered that his possession of the property was that of a cotenant with the plaintiffs, or that he in any way, or at any time, recognized their ownership of any interest therein, or right to the possession of any part thereof. The evidence was sufficient to authorize a finding that there was an actual ouster by the defendant of the plaintiffs, which would entitle the plaintiffs to sue for their interest in the property. In this connection, see *Street* v. *Collier,* 118 *Ga.* 470, 481 (45 S. E. 294); *Harriss* v. *Howard,* 126 *Ga.* 325 (55 S. E. 59); *Roumillot* v. *Gardner,* 113 *Ga.* 60 (38 S. E. 462, 53 L. R. A. 729); *Morgan* v. *Mitchell,* 104 *Ga.* 596 (30 S. E. 792); *Norris* v. *Dunn,* 70 *Ga.* 796.

3. The plaintiffs could not recover the mesne profits against the defendant, except such as it would be proper to assess upon the

rental value of the property exclusive of improvements placed thereon by the defendant while having bona fide possession under adverse claim of title. *Lee v. Humphries,* 124 *Ga.* 539 (52 S. E. 1007). The defendant contends that the evidence was not such that the jury could estimate what was the value of the land for rent without the value of the improvements placed thereon by him. There was evidence of the value of the land for rent with improvements placed thereon by the defendant and those under whom he claims, and there was evidence of the value of these improvements, and also of the value of the land with and without these improvements. There was also evidence of the quantity of land cleared and suitable for cultivation, and of the value of the land for rent, suitable for cultivation per acre. In view of all of the evidence in the case, there was sufficient evidence upon which the jury could base a finding of the value of the land for rent without improvements placed thereon by the defendant. There is no complaint that the court failed to charge the jury that, if the defendant was a bona fide purchaser of the land under a claim of right, the mesne profits to be assessed should be based on the rental value of the land without improvements placed thereon by the defendant.

4. Another assignment of error is that the court committed error in the following charge: "There is no contention here that demand has been made, and you would not consider whether or not any demand has been made; and the only question I submit to you in this respect is whether the defendant, Bowman, has held this land against these other claimants. It is a matter of fact for you to determine whether or not it has been sold by these people and held by him exclusively, and whether or not he claimed it as his own." One assignment of error is: "Movant insists that this charge was error, because it eliminated from said case the question of demand (movant insisting that no demand had been made upon him for the possession of said property before suit was brought, and that there could be no recovery because no demand had been made)." We fail to see any error in the charge because "it eliminated from said case the question of demand," when there was no evidence of any demand made by the plaintiffs upon the defendant for the possession of the land. The Civil Code; §3145, provides: "There can be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of

adverse possession; in either of which events the cotenant may sue at law for his possession;" and the meaning of this portion of the charge was simply that the plaintiffs could not contend that the defendant was "in exclusive possession after demand," because the evidence showed no demand by the plaintiff upon the defendant for the possession of their interest in the land. Another assignment of error on this charge is because the following portion thereof: "It is a matter of fact for you to determine whether or not it has been sold by these people and held by him exclusively, and whether or not he claimed it as his own," is ambiguous and not plain and explicit as it should be, it not being stated to the jury what people are therein referred to. "These people," referred to in the charge, had reference to those making the deeds under whom the defendant claimed, and we do not think the jury misunderstood what people were referred to in the use of the words "these people" in the charge.

5. Complaint is made that the court committed error in admitting the testimony of witnesses of statements made by Mrs. Owens, while in possession of the land, to the effect that she had a deed to the land, claiming it as her own. Objection was made to this testimony, on the ground that it was hearsay and not competent testimony. We do not think that the testimony was subject to any objections made thereto. The plaintiffs claimed that Mrs. Owens, under whom they claim, acquired title to the land by 7 years adverse possession under color of title. The Civil Code, §5180, provides: "Declarations of a person in possession of property, in disparagement of his own title, are admissible in evidence in favor of any one, and against privies. Declarations in favor of his own title are admissible to prove his adverse possession." The declarations of Mrs. Owens were in favor of her own title, and were admissible, under the latter sentence of the above-quoted section, to prove that her possession, which could be inferred from other evidence, was adverse.

6. Complaint is made that the court committed error in admitting in evidence, over the defendant's objections, testimony of witnesses of statements made by W. T. Owens, while in possession of the property after the death of his wife, to the effect that the title to the property was in his wife, Mrs. Owens. Defendant claimed title under W. T. Owens, and the latter's statements, in disparage-

ment of his own title, were admissible in favor of the plaintiffs in their suit for the recovery of the land from the defendant.

7. Complaint is made that the court erred because one portion of the charge intimated to the jury "that there were mesne profits due, and was really an intimation by the court to find mesne profits," and erred in another portion of the charge by intimating an opinion "that N. S. Owens did take the property, and the only question for the jury to pass upon was whether or not she took it in good faith." If the charges complained of, standing alone, were subject to the criticism made, in view of the entire charge they did not involve such error as would require a new trial.

The plaintiff in error also complains that the court committed error in charging the jury as follows: "You would determine what the mesne profits of the lands are for the last five years, since the filing of this suit, which was in July, 1906. You are authorized to go back four years prior to the filing of the suit, and to consider also the time since the filing of the suit. You determine what the mesne profits are, under the rules I have given you. Go back four years before the institution of this suit, and find what the yearly value of it is for rent up to the present time; then you go further and find what the value of the improvements are. You simply make these findings, and the court will determine the respective rights of the parties after you have returned your findings into court. You don't undertake to settle these matters between the parties; you simply find the facts, and the court will determine what will be done in the premises." One complaint is that the last sentence in this charge was error. No reason is assigned why it is error. The court in its charge required the jury, if they found for the plaintiffs, to make a separate finding on every issue involved in the case. After this finding by the jury was made, the court could, in its decree, have the same enforced. The jury found four fifths of the mesne profits to be $260, and found four fifths of the value of the improvements to be $152.29. We see no error requiring a new trial in the last sentence of the charge complained of. We think it would have been better, however, for the court not to have used the expression, "You don't undertake to settle these matters between the parties; you simply find the facts, and the court will determine what will be done in the premises," as the findings of the jury on the matters referred to would, in one sense, "settle"

them and would bind the court to embody nothing in his judgment inconsistent with such findings.

Another complaint of this charge is, "because the court therein charged the jury that they could find mesne profits against the defendant for four years prior to the filing of the suit, and prior to the time he went into possession of said land; in other words it was an instruction by the court to the jury that they could find mesne profits against the defendant for four years prior to the bringing of the suit, whether he received the rents and profits from said place during this four years of time or not." The defendant in his plea only claimed a set-off for the value of improvements on the land made since he had been in possession thereof, and set forth an itemized statement of such improvements and their value. The testimony shows that he went into possession of the land in 1903, less than four years before the filing of the suit, which was filed June 26, 1906. As the defendant in his plea did not ask for a set-off, or for a judgment, for the value of any improvements placed on the land, except such as he himself placed on the land since he went into possession thereof, he was not entitled to prove or recover the value of improvements placed thereon by his predecessors in title, and we do not think the plaintiffs had the right to any rents of the land prior to the time the defendant went into possession and was entitled to receive the profits of the land. See *Mills* v. *Geer*, 111 *Ga.* 275 (36 S. E. 673, 52 L. R. A. 934), and authorities cited in the opinion. We therefore think that the charge above quoted was subject to the complaint made, and that the instruction authorizing the jury to find for the plaintiffs mesne profits prior to the time the defendant went into possession in February, 1903, was erroneous and requires a new trial.

*Judgment reversed. All the Justices concur.*