### BROWN, administrator, *v.* CARAKER.

ATKINSON, J. 1. Where a ground of a motion for new trial complains of the admission of evidence upon stated grounds of objection which go to the admissibility of the evidence in its entirety, and some material part of the evidence is competent, an assignment of error based on such ground is without merit. *Higgs* v. *State,* 145 *Ga.* 414 (89 S. E. 361).

2. A ground of a motion for new trial which complains of the admission of evidence, and does not state what specific objection was urged to its admissibility before the judge at the time it was admitted, is insufficient to present any question for consideration. *City of Rome* v. *McWilliams,* 145 *Ga.* 191 (88 S. E. 931).

3. In so far as any of the grounds of the motion for new trial based upon the admissibility of evidence were sufficient to present any question for consideration, there was no error in the rulings complained of.

4. "A prescription does not run against an unrepresented estate until representation, provided the lapse of time does not exceed five years." Civil Code § 4175. Accordingly, where more than five years elapse after the death of an intestate before administration upon his estate, prescription will not be suspended for any length of time on account of the estate being unrepresented. *Payne* v. *Ormond,* 44 *Ga.* 514 (3); *Cushman* v. *Coleman,* 92 *Ga.* 772 (19 S. E. 46); *Bullock* v. *Dunbar,* 114 *Ga.* 754 (40 S. E. 783). Applying the foregoing principle, an instruction by the judge to the effect that the date upon which the plaintiff's intestate died was of no importance, when considered in connection with the pleadings and evidence, was not erroneous.

5. In an action of ejectment the defendant set up title by prescription. In order to establish prescription under the evidence, it was necessary for the defendant to tack to his own possession that of his predecessor in title. While instructing the jury on the subject of prescriptive title, the court charged "that the actual possession of the property for a period of seven years under color of title gives the party a good title." The charge did not elsewhere instruct the jury that the possession relied on should be adverse, as provided in the Civil Code, § 4169; and did not state the requisites of adverse possession to be the foundation of a prescription, as provided in the Civil Code, § 4164. *Held*, that the portion of the charge above quoted did not sufficiently state the essential provisions of the above-mentioned sections of 'the code, and under the facts in the case constituted reversible error.

(*a*) There was also an omission to charge that upon the plea setting up prescription the burden of proof was upon the defendant. *Schnell* v. *Toomer*, 56 *Ga.* 168; *McCullough* v. *East Tenn. Va. & Ga. Ry. Co.*, 97 *Ga.* 373 (23 S. E. 838) ; Civil Code, § 5746.

6. The instruction upon the sufficiency of a will to be the basis for prescription was not erroneous on the ground that it was unauthorized by the evidence.

7. The charge of the court merely restating the contentions of a party is not cause for reversal on the ground that it amounted to an erroneous statement of the law applicable to the case.

8. As the judgment denying a new trial will be reversed on account of errors pointed out in the preceding notes, it is unnecessary to pass upon the assignments of error based upon the general grounds of the motion for new trial. *Judgment reversed. All the Justices concur.*

No. 354. DECEMBER 14, 1917. REHEARING DENIED JANUARY 18, 1918.

Ejectment. Before Judge Hammond. Baldwin superior court. April 18, 1917.

*Sibley & Sibley,* for plaintiff.

*Allen & Pottle,* for defendant.