## HILL *et al. v.* WHORTON, administrator, *et al.*

HILL, J.  Under the pleadings and evidence in the case the court did not err, at the conclusion of plaintiffs' evidence, in granting a nonsuit.

*Judgment affirmed.  All the Justices concur.*

No. 1675.  May 14, 1920.

Complaint for land.  Before Judge Tarver.  Cobb superior court.  June 5, 1919.

Three heirs at law of C. J. Hill sued to recover three eighths undivided interest in a forty-acre lot of land.  A nonsuit was granted, and the plaintiffs excepted.  It appeared, that on January 4, 1887, J. P. Hill, half-brother of the plaintiffs, executed a deed (which was recorded) conveying the whole lot to J. R. Banister, who died in possession of the land on January 22, 1916.  Some testimony indicated that he built a house on it about 1894, if not earlier.  He " gave it in for taxes," and " had all the tax receipts." His administrator, Whorton, sold it, in October, 1916, to Stephens (codefendant), who applied to one Fowler for a loan.  An attorney employed to examine the title found, among other papers delivered to him (he did not remember whether he received them from Fowler, or from Stephens, or from Whorton), an unrecorded deed to the same lot of land, duly attested, dated February 21, 1885, from John and Mary Banister to C. J. Hill and J. P. Hill. There was no evidence relating to delivery of this deed.  It was among J. R. Banister's papers when Whorton got them.  John Banister was the father of J. R. Banister.  C. J. Hill was the father of J. P. Hill and (by a second marriage) of the plaintiffs, who at the time of his death, April 8, 1893, were respectively

·twelve, ten, and five years of age. He resided about seven miles from the lot of land here referred to. The attorney just mentioned, wishing to make a complete abstract of title, endeavored to obtain from the plaintiffs quitclaim conveyances. This (January 6, 1917) was the first knowledge or information any of them had of their father's having owned an interest in the land in question. His estate owed no debts, and there was no need of administration. An action brought by the plaintiffs was nonsuited in November, 1917; and the present suit was in renewal. Their counsel contended, in substance, that the facts authorized a find᠄ ing that J. R. Banister's possession was under both of the deeds; that he was a tenant in common with C. J. Hill, and no prescription ran in his favor; and that a jury should have passed on the questions whether C. J. Hill knew of the deed executed by J. P. Hill, and whether J. R. Banister suppressed and withheld from record the other deed, and thus held possession in fraud of the rights of C. J. Hill and his heirs.

*H. B. Moss* and *John P. Cheney,* for plaintiffs, cited *Ware* v. *Barlow,* 81 *Ga.* 1.

*J. Z. Foster,* for defendants, cited Civil Code §§ 4175, 3725; *Payne* v. *Ormond,* 44 *Ga.* 514; *Ayer* v. *Chapman,* 146 *Ga.* 608, 614; *Brown* v. *Caraker,* 147 *Ga.* 498, and cit.; *Everett* v. *Whitfield,* 27 *Ga.* 159; *McConnell* v. *Cherokee Mining Co.,* 114 *Ga.* 84; *Street* v. *Collier,* 118 *Ga.* 470, and cit.; *Bowman* v. *Owens,* 133 *Ga.* 49, 52, and cit.; Powell on Actions for Land, §§ 400, 401.