## DANIELLY *v.* LOWE, administrator.

GILBERT, J.  1.  "A prescription does not run against an unrepresented estate until representation, provided the lapse does not exceed five years." Civil Code (1910), § 4175.  "If the estate remains unrepresented for more than five years, no deduction at all from the adverse possessor's term will be allowed in favor of the personal representative." Powell's Actions for Land, 448; *Brown* v. *Caraker*, 147 *Ga.* 498 (4) (94 S. E. 759).  In this case there was no representation on the estate for more than twenty-six years.

2.  Under the undisputed facts, the defendant and his predecessor in possession of the land sued for had been in possession thereof openly, adversely, and under a claim of right for more than twenty years.  There being nothing to negative good faith in such possession, the same will be presumed.  *Hammond* v. *Crosby*, 68 *Ga.* 767 (4).

3.  "When an adverse possessor has held for the requisite period and his prescriptive title ripens, it extinguishes all other inconsistent titles and itself becomes the true title." Powell on Actions for Land, 459, § 349. Under the evidence, prescription had ripened into a good title in the predecessor of the defendant prior to the conveyance by the former to the latter, and extinguished all claims of creditors of Mrs. Danielly as well as her administrator.

3.  It follows from the above that the verdict in favor of the plaintiff must be set aside.        *Judgment reversed.  'All the Justices concur.*

No. 4939.  NOVEMBER 14, 1925.

Complaint for land.   Before Judge Mathews.  Crawford superior court.   October 21, 1924.

J. B. Wilson conveyed to Mattie P. Wilson and her children.lots 1 and 2 in block "V" in the town of Roberta.   Mattie P. Wilson. alone conveyed this property to Mrs. Louise Danielly.   On March 15, 1893, Mrs. Danielly conveyed the property, with the usual covenant of warranty of title, to Mrs. M. E. McCrary.   On the same date Mrs. McCrary conveyed to Mrs. Danielly lot 3 in Block "A" and lots 1, 2, and 3 in Block "B" in the town of Roberta. Mrs. Danielly died in 1893, in possession of the property last mentioned.   A. J. Danielly, as her sole heir at law, took possession of the property and continued to hold the same until February 13, 1917, when he conveyed the same, in consideration of a pre-existing

debt and other valuable considerations, to Frank Danielly, who immediately entered into possession. To the October term, 1922, of Crawford superior court Lowe, as administrator upon the estate of Mrs. Danielly, sued Frank Danielly in ejectment for the land last mentioned above, describing the same particularly, and alleging that the recovery of the same was necessary in order that debts against the estate might be paid. The defendant pleaded a title by prescription based upon more than twenty years adverse possession. To the March term, 1900, of Crawford superior court five minor children of Mattie P. Wilson sued Mrs. McCrary for the recovery of lots 1 and 2 in Block "V" in the town of Roberta, the property which Mrs. Danielly had conveyed to Mrs. McCrary. A. J. Danielly, acting as attorney at law for Mrs. Danielly, acknowledged service and filed a plea and answer on her behalf. The plaintiffs recovered an undivided five sevenths interest in the property. No administration was had upon the estate of Mrs. Danielly until March 5, 1920, when Lowe, the plaintiff, qualified as administrator. On January 5, 1921, Mrs. McCrary brought suit against Lowe, as administrator, to recover damages for breach of the warranty of title to lots 1 and 2 in Block "V". A nonsuit was granted in this case, at the October term, 1921, of Crawford superior court. Mrs. McCrary renewed her suit, and, at the March term, 1924, recovered a judgment for $547. The only property left by Mrs. Danielly from which this judgment could be paid is lot 3 in Block "A" and lots 1, 2, and 3 in Block "B." Frank Danielly having refused to surrender possession of this property, suit was brought by Lowe, as administrator, to recover the same. It was admitted that the judgment in favor of Mrs. McCrary against the administrator represented a just, legal, and subsisting debt. The facts above are stated from the pleadings and the bill of exceptions, which recites that they were "submitted to the jury by proof and by agreement of counsel," and that upon conclusion of the evidence in the case it was agreed by counsel for both plaintiff and defendant, that there was but one question to be determined, and that a question of law. Did A. J. Danielly, under the facts recited, acquire title by prescription against the creditor of Louise H. Danielly or against the administrator of her estate, who demanded possession of the property for the purpose of paying debts against the estate, it being necessary to obtain possession of

the property in order to pay the debts. The court directed a verdict in favor of the plaintiff, and error was assigned upon this judgment.

    *C. L. Shepard* and *LeSueur & LeSueur,* for plaintiff in error.
    *L. D. Moore,* contra.