## NEWSOME *v.* MOORE *et al.*

The title of the lessor depends upon the validity of the return of appraisers appointed to set apart a year's support. In the appraisement and return no property was set apart to the widow under whom the plaintiff in error claims, and the property awarded for the support of the minor children has no further description than "230 acres of land." There

was evidence before the court sufficient to authorize a finding that the petitioners for injunction are the sole owners of the premises upon which the defendant was engaged in cupping and removing gum turpentine, and that the circumstances were such as that no remedy at law would be adequate for the damages incurred by the continuance of the trespass in going over the lands and injuring the timber from which the turpentine gum was being removed. The court did not err in the grant of the interlocutory injunction.

No. 6140.   May 15, 1928.

Injunction.   Before Judge Graham.   Treutlen superior court. May 31, 1927.

A. C. Saffold and Will Stallings, for plaintiff in error.

D. R. Jackson and S. W. Sturgis, contra.

Russell, C. J.   Mrs. Hattie Moore, R. V. Wilkes, J. B. Wilkes, Hawkins Wilkes, Bennett Wilkes, and Claude Wilkes, alleging that they are the children and heirs of James Wilkes, from whom they inherited the tract of land described in the petition, alleged that M. H. Newsome, on or about January 1, 1924, entered upon the lands of petitioners and cupped the pine timber thereon and appropriated the gum turpentine and carried it away from the land; and that he is continuing to do this without any right, title, or interest in the gum turpentine, over the protests of the petitioners and to their injury and damage. The resulting damages are fully detailed in the petition. It is alleged that the defendant will continue to chip and otherwise work the timber on their land for turpentine purposes, and further injury and damage to said timber and to petitioners will result unless he is restrained by the court; that the conduct stated amounts to a continuing trespass; that the injury is irreparable in nature, because the damage is incapable of being definitely and accurately ascertained; that the timber being damaged has a value above the commercial value, because it is necessary for the upkeep of the premises and for fuel purposes, that the continuing of these trespasses will give rise to a multiplicity of suits, and that petitioners have no complete and adequate remedy at law. The plaintiffs pray, among other things, that the defendant be enjoined from trespassing or going upon the land, from further working said timber for turpentine, and from removing any gum or turpentine products from said land.

In his answer the defendant resisted the grant of an injunction, upon the ground that he is entitled to possession of the premises, alleging that he entered upon the lands described in good faith

and under a claim of right by virtue of a lease from Mrs. Elizabeth Wilkes, who was empowered to make the lease to him by reason of the fact that the premises had been set apart to her as the widow of James Wilkes, in the return of appraisers setting aside to her as a year's support 230 acres of land together with certain personal property, and that the ordinary of the County of Laurens (in which the land was situated) approved the same and entered the return of record. He further alleges that Elizabeth Wilkes had a good prescriptive title to the land, by virtue of having taken possession thereof and holding possession adversely for more than seven years as color of title. The defendant claims title to the property under Elizabeth Wilkes, and claims the same right of possession and any claim of title that Elizabeth Wilkes had or could have. He further pleaded, that, if the children of James Wilkes were cotenants with the widow under whom he claims, there was an actual ouster of the petitioners by virtue of the proceedings before the court of ordinary for a year's support, coupled with exclusive possession for the time required by law on the part of his grantor, Elizabeth Wilkes.

The plaintiffs amended their petition by striking out the words "together with their mother," so as to claim the entire ownership of the land in question solely for themselves; and by alleging that Mrs. Wilkes had conveyed whatever interest she had in the land to George Claude Wilkes prior to the alleged contract of lease upon which the defendant relied. Evidence was introduced in support of all of the allegations of the petition. Mrs. Elizabeth Wilkes testified that the lease she had executed was made after a trade with D. A. Autrey, and that the time for which the lease was given had expired. She testified: "If said lease now shows to be a four-year lease, the same has been altered since it was executed." She further admitted that she executed the deed to her son, George Claude Wilkes, as alleged in the petition. With this evidence before the court it can not be said that the judge of the superior court occupying the position, as he does, of a trior upon all issues of fact, did not properly exercise his discretion in granting an interlocutory injunction as prayed until the trial of the case.

Counsel for plaintiff in error insists that the grant of a year's support to Mrs. Elizabeth Wilkes conveyed title to her as a tenant in common with the children, who are now petitioners. They con-

tend that the evidence shows that the widow, by her acts of ownership and the exclusive nature of her possession, ousted these cotenants; and that, having been in possession under the year's support under color of title for more than seven years, she acquired a good prescriptive title. It is argued in the brief that this is true regardless of the description of the land set apart in the return of the appraisers, since, as contended, the return of the appraisers amounts to color of title. Two cases are cited in support of that contention: *Norris* v. *Dunn,* 70 *Ga.* 796, 801, and *Bowman* v. *Owens,* 133 *Ga.* 49, 52 (65 S. E. 156). The decision in the *Norris* case was by only two Judges. Judge Blandford dissented, and maintained the opposite of the proposition with much cogency. So this decision is not binding authority. The case of *Bowman* v. *Owens* is not in point upon the issue involved in this case, because the facts are not at all similar to those now presented. This court held nothing more than that "The evidence was sufficient to authorize a finding that there was an actual ouster by the defendant of the plaintiffs, which would entitle the plaintiffs to sue for their interest in the property," and this ruling under the facts of that case was in strict conformity with the provision of the Civil Code (1910), § 3725, that "There can be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in either of which events the cotenant may sue at law for his possession." In that case the husband as the heir of a one-fifth interest in his wife's estate was in possession of land to which his deceased wife was entitled. At his death the administrator of the husband sold the entire interest in the land, instead of an undivided one-fifth interest, to one Biggers, on March 1, 1897, and it passed through several hands until it was finally conveyed by deed to Bowman on February 22, 1905. This court, in holding. that "The evidence was sufficient to authorize the jury to find that the mother of the plaintiffs, under whom they claimed, acquired a good prescriptive title to the property sued for, by reason of her adverse possession thereof for seven years under color of title," was referring to and had in mind that the mother of the plaintiff children had a deed dated October 2, 1882, and appeared to have been in possession until March 1, 1894, a period of more than eleven years. There was no defect in Mrs. Owens' title so far as appears from the record in the *Bowman* case.

In the case now before us, as appears from the record, the widow, Mrs. Elizabeth Wilkes, was not mentioned in the return of the appraisers. Only the children of James Wilkes were referred to, and the property awarded was set apart to these children for a year's support.

Furthermore, the land set apart has no other description than "230 acres of land." The return is void for lack of description of the property set apart, and for that reason can not be held to be color of title. But even if the return were good as color of title, it can not serve to support a lease from Mrs. Elizabeth Wilkes, since no land was given her in the return of the appraisers. As pointed out in *Ayer* v. *Chapman,* 147 *Ga.* 715 (95 S. E. 257), distinguishing the *Bowman* case, supra, "the plaintiffs had the right to the possession during the several terms of the defendant's predecessors who made improvements." In the present case the return of the appraisers never gave Mrs. Wilkes any possession in her own right, even if the land had been so accurately described as to identify the premises. Color of title can not arise or serve to give right of possession where it does not appear that it is possible to identify the premises. In the present case it does not appear from the return of the appraisers whether the land is in the State of Georgia or some other State, or that it may not be in Dade County instead of in Laurens.

*Judgment affirmed. All the Justices concur.*