### 25180. ULMER, administrator, *v.* ULMER.

STEPHENS, J. 1. After the expiration of -five years from the death of an intestate, where the estate is unrepresented, prescription begins to run. Code of 1933, § 85-413. Adverse possession of personal property for four years gives title thereto by prescription. § 85-1706. Where, after the death of an intestate in November, 1919, the intestate's husband acquired possession of live stock belonging to the estate, and also acquired possession of the increase thereof, and from time to time sold some of the property and kept the proceeds for himself, and where the estate remained unrepresented until the appointment of a temporary administrator on April 12, 1933 (more than thirteen years after the death of the intestate), and where within the period of nine years from the death of the intestate no claim of title adverse to that of the husband was asserted to any of the property by any one representing the heirs or creditors of the intestate, the husband, at the expiration of the nine years, had acquired title to the property by prescription, and no title to the property or right of possession thereof was vested in the temporary administrator of the estate afterwards appointed. *Danielly v. Lowe*, 161 *Ga.* 279 (130 S. E. 687).

2. On the trial of a suit in trover brought by the temporary administrator against a person who had become the second wife of the husband of the intestate, and who at the time of the institution of the suit was his widow, where it appeared from the uncontradicted evidence that the husband had acquired title by prescription to the property which was the subject-matter of the suit, and that therefore the plaintiff had no right, title, or interest or right of possession in the property sued for, the verdict found for the defendant was as a matter of law demanded.

418

3. Since it appears without dispute from the uncontradicted evidence that the plaintiff had no title or right of possession on which to predicate a recovery, it was immaterial whether or not the defendant had acquired title to the property by a bill of sale from her husband who had held prescriptive title thereto, and the admission in evidence of such bill of sale, even if erroneous, was harmless to the plaintiff. The court· did not err in overruling the plaintiff's motion for new trial.

Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.

DECIDED JUNE 8, 1936.

*M. E. O'Neal,* for plaintiff in error. *W. H. Duckworth,* contra.