## TUCKER *v.* LONG *et al.*

No. 17372. MARCH 12, 1951. REHEARING DENIED MARCH 26, 1951.

*Wheeler, Robinson & Thurmond,* for plaintiff.

*E. C. Brannon* and *Kenyon, Kenyon & Gunter,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing

facts.) ■ In the first special ground, exception is taken to the charge that prescription shall not run in cases of fraud, the contention being that there was no evidence as to fraud. Each party was claiming by prescription. There was evidence for the petitioner that, during the period his predecessors in title were in possession of a portion of the land described in their deeds, there was never anyone that made any claim to the five acres in dispute; and the defendant testified that, at the time he purchased his land, he had no notice that anybody was claiming the five-acre tract which had been conveyed to the petitioner's predecessors in title. In such circumstances, whether the defendant took possession of his land in good faith was a question for the jury, and the trial court did not err in instructing them that prescription would not run in cases of fraud. See *Jackson* v. *Sanders*, 199 *Ga.* 222, 230 (9) (33 S. E. 2d, 711, 159 A. L. R. 638).

In the second special ground, exception is taken to the charge that possession under a deed for seven years would ripen into good title; the contention being that the court should not have stated that this rule would be applicable in the event either the petitioner, or the defendant, or their predecessors in title were so in possession of the land. Both the petitioner and the defendant were claiming that they had been in possession of the land under a deed for seven years; and under the evidence the trial court did not err in making the rule in reference to seven years' possession applicable to both of them.

■ In considering the general grounds of the motion for a new trial, it should be borne in mind that a senior unrecorded deed loses its priority over a junior recorded deed for value from the same vendor, taken without knowledge or notice of the existence of the senior deed (Code, § 29-401; *Terry* v. *Ellis*, 189 *Ga.* 698 (4), 7 S. E. 2d, 282); and, under the ruling in the first division of this opinion, whether the defendant purchased without notice of the senior deed in the petitioner's chain of title was a question for the jury.

The next question for consideration is whether either of the litigants or their predecessors acquired title by prescription. The deed in the petitioner's chain of title from the common grantor was not recorded until December 22, 1914. Ordinarily actual

possession under a recorded deed of a portion of several tracts of land which are all contiguous and lie in one body will extend by construction so as to include the entire premises conveyed. Code, §§ 85-404, 85-405. But where, as here, such possession is under an unrecorded deed, constructive possession will not extend beyond the tract or lot on which actual possession is maintained; and ordinarily it will not extend to the boundaries of this parcel unless actual possession has been maintained of a portion of the land in dispute. *Campbell* v. *Gregory*, 200 *Ga.* 684 (38 S. E. 2d, 295). Under the facts in the case at bar, the constructive possession of the petitioner's predecessor in title could not have begun prior to December 22, 1914.

The evidence shows that from December, 1914, the date the above deed was recorded, until 1942, the petitioner's predecessor in title, and the defendant, were in possession of a portion of the land described in their respective deeds, and that the petitioner's predecessor in title and the defendant were coterminous owners. In such circumstances, each was in constructive possession of the five-acre tract, and no prescriptive title could ripen in favor of the petitioner's predecessor in title. Code, § 85-404, supra.

Counsel for the petitioner finally insist that the defendant's possession ended in 1942, and that the evidence demanded a finding that the petitioner perfected a prescriptive title by seven years' possession after that and before he filed suit in March, 1950. This contention is not supported by the evidence, which shows that the petitioner did not have any tenants living continuously on the property after the spring of 1945. There was testimony that, immediately following that spring, the petitioner permitted a named person to keep stock in the barn on the premises for from 8 to 12 months. However, no possession by the petitioner was shown after the spring of 1946, and therefore no prescriptive title could have ripened in him after the defendant's possession ended in 1942.

In the light of the foregoing, the evidence was insufficient to demand a finding that a prescriptive title had ripened in either the petitioner or the defendant. The evidence, though conflicting, was sufficient to support the verdict for the defendant, and the trial court did not err in overruling the petitioner's motion for a new trial.

*Judgment affirmed. All the Justices concur.*