22345. DOZIER, Administrator v. PARKER.

ARGUED JANUARY 14, 1964—DECIDED MARCH 5, 1964.

*Dan S. Beeland, H. Thad Crawley,* for plaintiff in error.
*George Richard Jacob,* contra.

HEAD, Presiding Justice. ■ "A prescription shall not run against an unrepresented estate until representation, provided the lapse does not exceed five years; . . ." *Code* § 85-413. ". . . [W]here more than five years elapse after the death of an intestate before administration upon his estate, prescription will not be suspended for any length of time on account of the estate being unrepresented." *Brown v. Caraker,* 147 Ga. 498 (94 SE 759); *Danielly v. Lowe,* 161 Ga. 279 (130 SE 687).

The petition alleged that Lucius Dozier entered into "permissive possession" of the premises upon the death of Allen Dozier. The exact date of the death of Allen Dozier does not appear from the record, but Lucius Dozier was in possession of the premises on November 20, 1935, claiming the premises as his own, for on that date he executed a deed to secure debt to the Juniper Milling Company, which deed recited, "and being the land on which the

said Lucius Dozier now resides," and contained a warranty of title "against the claims of all persons whomsoever." The letters of administration on the estate of Allen Dozier were not granted to the plaintiff until October 8, 1962, more than five years after the property had been bought by the defendant at public sale in May, 1957, upon foreclosure of the deed to secure debt executed by Lucius Dozier to H. Cecil Morgan, and the letters of administration were granted more than twenty-five years after Lucius Dozier executed deeds to secure debt to Ray Burt in 1934 and to the Juniper Milling Company in 1935. Under these facts there could be no tolling of the prescriptive title of Lucius Dozier by the administration on the estate of Allen Dozier.

■ Neither the petition of the plaintiff, nor the affidavit of Lucius Dozier attached thereto, was offered in evidence by the plaintiff. A petition presents issues, and where denied by the defendant the allegations must be supported by aliunde proof. *Patrick v. Holliday,* 200 Ga. 259 (36 SE2d 769); *Morris v. City Council of Augusta,* 204 Ga. 26, 33 (48 SE2d 855); *Lester v. Copeland,* 219 Ga. 195, 200 (132 SE2d 190). The fact that the affidavit was attached to the petition as an exhibit did not give it any probative value as evidence for the plaintiff, since the defendant's answer denied its truth. The evidence of the defendant contradicted the substantial averments of the affidavit.

Under the allegations of the petition, the testimony of the witnesses for the defendant, and the documentary evidence introduced by the defendant, Lucius Dozier was in possession of the lands for more than twenty years prior to the execution by him of the deed to secure debt under which the defendant claims title pursuant to foreclosure. The documentary evidence introduced by the defendant, consisting of deeds to secure debt executed by Lucius Dozier, and a warranty deed from him to his wife for ten acres of the land formerly belonging to Allen Dozier, executed on November 20, 1945, shows that Lucius Dozier was claiming the lands adversely to the heirs of Allen Dozier. "A presumption of good faith arises from adverse possession" of land. *Baxley v. Baxley,* 117 Ga. 60 (4) (43 SE 436); *Teel v. Griffin,* 142 Ga. 245 (2) (82 SE 662). Whether the claim of Lucius Dozier to the land was in good faith rather than fraudu-

lent was a question for the jury (and this question was resolved by the jury against the plaintiff). *Tucker v. Long,* 207 Ga. 730 (64 SE2d 69).

The evidence amply supports the verdict, and the general grounds of the motion for new trial and the plaintiff's motion for judgment notwithstanding the verdict were properly overruled and denied. "Actual adverse possession of land under a claim of right for twenty years, though originating in mistake, will ripen into good prescriptive title against all the world except the State and persons not sui juris." *Waxelbaum v. Gunn,* 150 Ga. 408 (104 SE 216); *Lockwood v. Daniel,* 193 Ga. 122 (2) (17 SE2d 542).

The amended ground of the motion for new trial, based upon objections to the documentary evidence introduced by the defendant, is without merit and was properly overruled. The deeds to secure debt executed by Lucius Dozier, and the warranty deed executed by him to his wife to ten acres of the land formerly belonging to Allen Dozier, were admissible in evidence to show that Lucius Dozier was claiming title to the land, and to refute the contention that he claimed to exercise only permissive possession of the lands.

*Judgment affirmed. All the Justices concur.*