WOLFF *v.* GEORGIA SOUTHERN & FLORIDA RAILROAD CO.

1. In this case there were three elements of possible damage to be considered; first, the physical change made in the street by grading the same, and the difference which this produced in the flow of surface-water upon the owner's land, and in the adjustment of the land to the surface of the street; second, the location, construction and use of the railway in the street; third, the actual invasion of the owner's land and cutting steps in the same to render it accessible from the street, damage to the owner's fence, and apparently the deposit on a narrow margin of some of the owner's land of earth constituting a part of the embankment, or the base or support of it, by which the grade of the street was changed. On the second of these elements, evidence was admissible in behalf of the company tending to show that neither the owner's land nor any other on the same street was damaged, but that the market value of all of it was enhanced thereby.   If any enhancement of the market value of the owner's land resulted from this cause, the same could be set off against any damage to it occasioned by either of the other causes; the present proceeding, under the statute providing for the same, being confined to the assessment of damage to the property and not extending to any alleged taking, as such.

2. The case of *Streyer* v. *Georgia Southern & Florida Railroad Co.*, 90 *Ga.* 56, rules the question as to the right to open and conclude.

Though there were some slight errors in admitting evidence, this did not affect the substantial merits of the case. The charge of the court, taken as a whole, was free from material error as against the land-owner, and there was no error in denying a new trial.

June 18, 1894. Argued at the last term.                *Judgment affirmed.*

Appeal.    Before Judge BARTLETT.    Bibb superior court.    April term, 1893.

The railroad company instituted a proceeding for the assessment of damages, if any, to the property of Edward Wolff, situated on Oglethorpe and Fifth streets, and on Hawthorn and Fifth streets, in the city of Macon, caused by the occupation of Fifth street by the railroad company with its tracks, and the operation of its cars and machinery thereon. By his plea Wolff admitted that the railroad company had the right to occupy with its tracks Fifth street, and for that purpose to grade the street so as to be suitable for its tracks, and to run its engines and cars along the street; and that the use of the street or such portions thereof as it had laid its track upon was necessary to the railroad; but he claimed that by the grading of that part of the street which it did not occupy, and of the sidewalk, his property had been much damaged, diminishing its rental value, injuring it for residence purposes, rendering necessary the building of walls, etc.; also, that it had gone upon his land and made cuts therein to his damage, and by building an embankment in the street had diverted the natural flow of surface-water and forced it through his lot. The jury found that the property had not been damaged, and defendant's motion for new trial was overruled.

HARDEMAN, DAVIS & TURNER, for plaintiff in error.
GUSTIN, GUERRY & HALL, *contra.*