## 45. DAUGHTRY *v.* SAVANNAH & STATESBORO RAILWAY· CO.

1. The settlement of disputed issues of fact is wholly within the province of the jury; and it is not within the power of this court to set aside their verdict, unless it appears that it is without any evidence to support it.   Where disputed issues of fact, each supported by a number of witnesses, have been settled by the jury, under fair and appropriate instructions by the court, and the verdict has been approved by the trial judge, the judgment of the lower court will not be disturbed, unless grave and material error has been committed.

2. The error must be such as induced or largely contributed to the erroneous finding, and such an error that if a new trial is granted, the result should in all probability be different on another trial.

3. While it is error to allow a witness to testify that the "deceased appeared to be a careless man; that was my experience with him," the judgment will not be reversed on that ground, where the record discloses that similar testimony had previously during the trial, without objection thereto, been allowed to be introduced, or where it appears there was proper positive evidence of the same fact.

Action for damages, from city court of Statesboro—Judge Brannen.   February 19, 1906.

Submitted January 16,—Decided February 14, 1907.

*H. B. Strange,* for plaintiff.   *G. S. Johnston,* for defendant.

RUSSELL, J.   Queen Daughtry brought suit against the railway company for $5,000, for the homicide of her husband.   She alleged that he was an employee of the defendant company and was engaged in the performance of his duties as train-hand; and that while so engaged and without fault on his part, by the negligence of the defendant, its servants, agents, and employees, and by the use of the defective, rotten, and worn-out wire rope, and by the careless and negligent erection and maintaining of the guard-post, and by the negligence and careless operation of the engine, locomotive, cars, and machinery of the defendant, and by the improper and negligent use of a spur-track, and by carelessness and negligence of defendant in employing as conductor of the train a young boy who was inexperienced and incompetent, her husband was struck, knocked down, and killed; that her husband was in the performance of his duties; that but for the negligent use of said spur-track, guard-post, and rotten and defective wire-rope, the careless and negligent. stopping of the engine, the incompetency and

inexperience of defendant's conductor, and the orders of defendant's agents, her husband would not have been killed. The defendant, admitting jurisdiction and that plaintiff was an employee and was killed, denied all other allegations of the petition; and set up as its defense, that the deceased was an employee of defendant and had been in its employment in different capacities for a number of years, and was quite familiar with the track, side-tracks, and the stations along the line of the road; that at the time of his death he was perhaps the oldest employee, in point of time, of any of the crew of the train he was then assisting to operate; and that he met his death by his own negligence, and by putting himself unnecessarily in a·perilous position which he was cautioned a moment before by the conductor not to assume. The jury found in favor of the defendant. The plaintiff filed a motion for new trial, which included the three general grounds, and was afterwards so amended as to make complaint of the admission of certain evidence introduced on the trial, over her objections.

The evidence in this case was conflicting. It may truthfully be said that a verdict would have been authorized for either party. A large number of witnesses unimpeached (except by the conflict which their testimony created) sustained by their testimony the contentions of each party. We are compelled to leave the finding of the jury undisturbed. The jury had the exclusive right to say what was the truth with reference to the catastrophe in which the plaintiff's husband lost his life,—whether his death was caused by the negligence of the railroad company and its servants, or whether by his own carelessness he forfeited his life. From its first decision upon that subject, *Davis* v. *Kirkland,* ante, 5, it has been the unanimous opinion of this court that the verdicts of juries upon the facts (if the conclusion reached is honestly attained and warranted in any view of the evidence) are entitled to even more than the highest respect and consideration of the court. Not only this, but that parties who fairly gain such verdicts have a property right therein, of which they should not be deprived. And furthermore, that this court is clothed with no power to set verdicts aside. The errors for which a new trial should be granted, where there is evidence to support the verdict, have been alluded to in *Crankshaw* v. *Schweizer Mfg. Co.,* ante, 363. The error must be such as induced or largely contributed to the erroneous finding,

and such an error that if a new trial is granted, the result should, in all probability, be different on another trial. In most of the suits for damages we have heretofore considered, the verdict was in favor of the plaintiff. In this case the verdict was in favor of the defendant company, but the rules of law are strangers to the character or quality of litigants, and, this court being bound by its obligation to law, we are not able to assume the province of the jury and either measure the credibility of the witnesses or harmonize their conflicting statements. The verdict therefore must stand, unless the admission by the trial judge of the evidence of which complaint is made in the amendment to the motion was such error as either induced the verdict, or harmfully contributed to shape the finding, and unless the lower court again erred in refusing to grant a new trial when the previous error was brought before him by the motion. The Civil Code, §5478, provides: "The superior courts may grant new trials in all cases where any material evidence may be admitted to, or illegally withheld from, the jury against the demand of the applicant." The evidence admitted in this case as appears from the motion was, "Daughtry appeared to be a careless man. That was my experience with him." And the objection urged by the plaintiff was, "that the testimony of acts of carelessness and negligence at other times than at the time of the injury were irrelevant and inadmissible." In the motion it was insisted that the overruling of this objection was error, because this testimony was illegal, irrelevant, and did not show negligence at the time of the injury, and was calculated to prejudice the jury against the plaintiff, and cause them to believe the testimony of the defense when they otherwise would not believe it. We think that the objection urged by the plaintiff should have been sustained; but we have not been shown any reason why the admission of this evidence should have prejudiced plaintiff's case, as stated in the motion for new trial. Considered in connection with evidence previously and subsequently introduced without any objection on the part of the plaintiff, the refusal to rule out this evidence, in our view, is at best harmless error. According to very high authority in this State, the admission of the evidence of which complaint is made was not only *not* error, but perfectly proper. We are of opinion that the only proof of carelessness or negligence that can be shown against a party to defeat or diminish

his recovery for damages must relate to his acts at the time of the injury, and therefore that the evidence complained of should have been excluded. And the weight of authority certainly tends in that direction, but the trial judge was not without eminent authority, contrary to this view, to support his ruling. In *Enright* v. *Atlanta,* 78 *Ga.* 293, one of the exceptions taken was that the court admitted, over objection, testimony to prove that the plaintiff had been intoxicated on several occasions prior to the date of the injury, from a witness who knew nothing of his condition at that time. This evidence, as shown by the charge and caution of the trial judge, must have been admitted simply to throw light on the evidence as to whether the acts of plaintiff at the time were or were not negligent. For upon this evidence the trial court charged as follows: "If you believe from the evidence that the plaintiff was intoxicated or so far under the influence of intoxicants as to affect his conduct at the time he was injured, and that for that reason or any other he failed to exercise ordinary care and diligence and was injured as a result of his own negligence, he could not recover. Mere proof, however, of a habit of using liquor, or of instances of its use by plaintiff, to excess, even on the very day of the alleged injury, would not bar his recovery, if the jury believe that its effect did not extend to the time he was injured or that he was, notwithstanding, in the exercise of ordinary care and diligence." And in the third headnote of the decision, 78 *Ga.* 288 (3), the court held that there was no error in admitting the evidence of repeated drunkenness for some years before the injury, the judge having cautioned the jury that such testimony could not affect plaintiff's case unless he was under the effects of liquor on the night of the injury. In rendering the opinion in that case Chief Justice Jackson says, "There was no error in admitting evidence of repeated drunkenness for some years before this misfortune of plaintiff in error, and even afterwards, for the purpose of throwing light on the issue whether or not he was under the influence of spirituous liquors that night; the judge having cautioned the jury that unless the plaintiff was under the effects of liquor that night, such testimony could not affect his case." The controlling issue in the *Enright* case, as in this, was whether or not the negligence of the plaintiff should defeat his recovery. In the *Enright* case the habit of drunkenness was used to illustrate the

plaintiff's negligence; and in this case the trial judge allowed the witness's testimony as to 'the habit of the plaintiff's husband for carelessness for the same purpose. In concluding the opinion in the *Enright* case Chief Justice Jackson says, "The way of the transgressor is hard, and frequent drunkenness, and the calaboose as its consequences, are calculated to make character for rashness and imprudence, which tell disastrously upon the future of life, and with other disasters sometimes causes the loss of a lawsuit," showing that in that case the evidence may have been very damaging. In this case we think the statement of the witness was of but little effect. In *S., F. & W. Ry. Co.* v. *Flanagan,* 82 *Ga.* 579, it was held that it was not error to receive evidence showing that an engineer habitually neglected to ring a bell, nor evidence showing the habitual high speed of the same engine when run previously by the same engineer on the same street; this being evidence introduced by the plaintiff. And while Judge Bleckley, in rendering the opinion, says that this testimony is of doubtful admissibility, he cites, as sustaining the opinion of the court, State v. Boston R. Co., 58 N. H. 410; State v. Manchester R. Co., 52 N. H. 528; Shaber v. St. Paul R. Co., 28 Minn. 103; Randall v. Tel. Co., 54 Wis. 140; Craven v. Cen. Pac. R. Co., 72 Cal. 345; Henry v. So. Pac. R. Co., 50 Cal. 176; Sheldon v. Hudson River R. Co., 14 N. Y. 218; and says, "Upon so doubtful a question we think the court did not err in admitting the evidence. There are several cases in our reports holding that doubtful evidence is to be admitted rather than excluded." Judged by these authorities alone, the trial judge was warranted in his ruling of which the complaint is made. But while believing, as we do, that the objection of the plaintiff should have been sustained, and that the evidence that plaintiff's husband was a careless man or at least always appeared that way to witness should have been rejected, was it error prejudicial to the plaintiff, or reversible error? It is well settled that a new trial will not be granted for harmless error in admitting evidence. *Ford* v. *Kennedy,* 64 *Ga.* 537 (6); *Mays* v. *State,* 88 *Ga.* 399; *McCrory* v. *Grandy,* 92 *Ga.* 319; *Wolff* v. *Ga. So. R. Co.* 94 *Ga.* 556; *Harvey* v. *West,* 87 *Ga.* 553. It has also been decided that where evidence of doubtful admissibility is submitted to the jury, it will not work a new trial where its exclusion would probably not change the result. *Eagle Mfg. Co.* v. *West,* 61 *Ga.* 120 (4). We do not think

that the admission of the evidence complained of, when taken in connection with the other testimony, could possibly have had any perceptible influence in determining the verdict of the jury, especially in view of the fact that the same thing, to wit, the negligence of the plaintiff, which was sought to be proved by the testimony objected to, was abundantly proved by legal evidence to which no objection could be offered. The conflict in the evidence is to be reconciled by the jury. In this case it was marked and striking. We can not say that the jury erred; and we are bound to hold that their solemn finding should not be set aside for an immaterial error of the trial court, especially where it appears from the record that similar testimony to that objected to had been introduced without objection on the part of the plaintiff. It may be that the other witnesses testifying were of lesser weight and humbler character before the jury; of this we can not judge. While it is error to allow a witness to testify over proper objection, and in a general way, that the "deceased appeared to be a careless man; that was my experience with him," the judgment will not be reversed on that ground, where the record discloses that similar testimony had previously during the trial, without objection thereto, been allowed to be introduced, or where it appears there was other positive evidence of the same fact.          *Judgment affirmed.*