*R. G. Hartsfield,* for plaintiff in error.

*J. C. Hale, Tye, Peeples & Tye,* contra.

---

## 17825.    BUTLER v. LOVELACE-EUBANKS LUMBER COMPANY *et al.*

Although that part of section 4169 of the Civil Code (1910), as to title by prescription, which relates to forged or fraudulent deeds was not applicable to the case on trial, the giving of that section in charge to the jury could not have harmed the plaintiff and was not cause for a new trial.

The court did not err in giving in charge sections 3820 and 3821 of the Civil Code as to landmarks.

The verdict for the defendant was authorized by the evidence.

DECIDED JULY 13, 1927.

Action for damages; from Wilkes superior court—Judge Perryman. November 10, 1926.

*W. A. Slaton,* for plaintiff.    *B. W. Fortson,* for defendant.

JENKINS, P. J.    The plaintiff and the defendant indisputably

Appeal and Error, 4 C. J. p. 918, n. 42; p. 1033, n. 37.

Boundaries, 9 C. J. p. 292, n. 34.

owned and possessed adjoining farms. The suit was for damages on account of alleged depredations upon the plaintiff's timber rights. The defendant, by its answer, set up alleged similar depredations upon its timber rights. Upon the trial of the case the sole issue for the jury was the location of the dividing line between the adjoining farms of the parties. Apparently, the land in dispute had not been in cultivation for more than twenty years, the contention of each of the parties being based, not upon the right of possession, but upon the correct ascertainment of the true line, and it is properly conceded by counsel for the plaintiff that the evidence did not demand a verdict for either party. The jury found in favor of the defendant, and the plaintiff excepts to the refusal of her motion for a new trial. Exception is taken to the action of the court in charging sections 3820 and 3821 of the Civil Code of 1910, on the ground that there was no evidence to authorize the reference to "natural landmarks," and that there was no evidence to authorize the charge with reference to "ancient or genuine landmarks such as corner stations or marked trees," it being the plaintiff's contention that there was no identification by the witnesses of any ancient landmarks of more than thirty years standing, and that the use of such language in the charge of the court amounted to an expression of opinion that certain marks on trees testified about by certain of the witnesses were in fact landmarks. Exception was also taken to the action of the court in giving in charge that portion of section 4169 of the Civil Code of 1910 which refers to forged or fraudulent titles, on the ground that this portion of the charge, not being authorized by the evidence, was misleading to the jury and harmful to the rights of the plaintiff.

1. There being no question or dispute with reference to the title of each of the litigants to their respective farms lying adjacent to one another, and the sole question being the determination of the true dividing line, the instruction of the court giving in charge the portion of section 4169 of the Code of 1910 with reference to forged or fraudulent deeds, while not applicable to the case and not adjusted to the evidence, being a correct statement of a general principle of law, applicable alike to both parties, could have had no harmful effect upon the rights of the plaintiff, and was not cause for a new trial. *Dolvin* v. *American Harrow Co.,* 131 *Ga.* 300 (10), 310 (62 S. E. 198).

(*a*) There was evidence going to show the general reputation in the neighborhood with respect to the location of certain ancient landmarks of more than thirty years standing, and there was certain other evidence, admitted without objection, going to indicate the general reputation in the neighborhood with respect to the location of certain landmarks which might or might not have been in existence for a period of thirty years. The charge of the court limiting the jury to the consideration of evidence of the general reputation of only such ancient landmarks as had been in existence for thirty years was not contrary to, but favorable to, the rights of the plaintiff, inasmuch as it excluded from the consideration of the jury certain portions of the defendant's evidence which had been admitted without objection.

(*b*) The reference in the charge to the provision of section 3820 of the Civil Code of 1910 concerning natural landmarks was not unauthorized, one of the main contentions of the defendant being that a large rock, placed by nature, constituted one of the dividing corner-marks, fixing the beginning point of the true but disputed line between the adjoining premises. Whether certain other landmarks contended for by the defendant, such as the naturally growing hedgerow along the ancient "turn-row" could properly be called natural landmarks, it is not necessary to determine.

2. The verdict being amply authorized by the evidence, and the only grounds of the motion for a new trial which were not expressly abandoned not authorizing this court to set aside the verdict, the judgment refusing a new trial must be affirmed.

*Judgment affirmed. Stephens and Bell, JJ., concur.*