GOOCH *v.* CITIZENS & SOUTHERN NATIONAL BANK.

REID, Chief Justice. The Citizens & Southern National Bank filed against Mrs. Gooch its action for recovery of land and mesne profits. It alleged, that previously to 1931 it held a duly recorded security deed to the land involved, executed by A. N. Gooch to secure his indebtedness to the

bank; that after the making of this security deed, Gooch conveyed the land to C. M. Hill, expressly reciting in his conveyance that it was subject to this outstanding security deed; that Hill in turn likewise conveyed it to Mrs. Gooch, the defendant, with similar recital; that the bank reduced its claim secured by the deed to judgment, execution issued thereon, and after execution by the bank of a quitclaim deed to the defendant in fi. fa., duly recorded, for the purpose of levy and sale, the property was duly seized and sold by the sheriff as provided by law on the first Tuesday in September, 1932, and the bank became the purchaser; and that the defendant "has unlawfully and illegally retained possession" of the property and has received the rents and profits therefrom, though demand had been made by plaintiff for possession. It was not alleged when the defendant went into possession, or when the demand was made on her. Her demurrer challenged the sufficiency of the petition, on the ground that it showed outstanding title in the defendant on the theory that it appeared "that defendant has been holding possession of said property adversely to plaintiff continuously and peaceably, and under color of title, for more than seven years prior to the filing" of the suit. Exception was taken to the overruling of this demurrer. *Held:*

The petition stated a cause of action for the relief sought. *Carlton* v. *Reeves,* 157 *Ga.* 602 (3, 4) (122 S. E. 320). The equitable interest or "equity of redemption" of the grantee who held subject to the security deed was divested by the sheriff's sale under the execution, its validity being in no wise questioned. *Scott* v. *Paisley,* 158 *Ga.* 876 (124 S. E. 726), affirmed: 271 U. S. 632 (46 Sup. Ct. 591, 70 L. ed. 1123). The reconveyance to the defendant in fi. fa., for the purpose of levy and sale, under the Code, § 67-1501, was "in effect in escrow for the single purpose named, and has no other meaning." *Minchew* v. *Juniata College,* 188 *Ga.* 517, 519 (4 S. E. 2d, 212); *Carlton* v. *Reeves,* supra. See *Latham* v. *Fowler,* 192 *Ga.* 686 (16 S. E. 2d, 591); *Baxter* v. *Phillips,* 150 *Ga.* 498, 505 (104 S. E. 196).

*Judgment affirmed. All the Justices concur, except Jenkins, J., disqualified.*

No. 14325. JANUARY 12, 1943.

*Burress & Dillard,* for plaintiff in error.
*Alston, Foster, Sibley & Miller,* contra.