GOOCH *v.* CITIZENS & SOUTHERN NATIONAL BANK.

No. 14576.   JULY 7, 1943.

*Burress & Dillard,* for plaintiff in error.

*Alston, Foster, Sibley & Miller,* contra.

CANDLER, Judge. The Citizens & Southern National Bank filed in DeKalb superior court its action against Mrs. L. C. Gooch, for recovery of a described tract of land and mesne profits. By consent, and solely on an agreed statement of facts, the issues in the case were submitted to and determined by the judge without the intervention of a jury. He found that the bank was entitled to recover the land, and $134 as rents. Mrs. Gooch brought the case to this court for review.

Briefly, the agreed statement stipulated: On August 28, 1925, A. N. Gooch, the husband of Mrs. L. C. Gooch, borrowed from the Citizens & Southern National Bank $2000, and executed and delivered to the bank his promissory note, which matured on October 17, 1925. On August 27, 1925, he executed and delivered to the Bank, as security for his indebtedness, a loan deed conveying the property in dispute, which deed was filed for record on August 28, 1925, and was duly recorded in DeKalb County on August 31, 1925. On August 29, 1925, A. N. Gooch by warranty deed conveyed the same property to C. M. Hill, expressly reciting in his conveyance that it was subject to the bank's security deed. On June 20, 1927, Hill by quitclaim deed conveyed it to Mrs. L. C. Gooch, with similar recital. Gooch, from time to time, reduced his indebtedness to the bank by payments, and renewal notes were given. On November 5, 1927, Gooch was adjudged a bankrupt in the district court of the United States for the Northern District of Georgia. He scheduled his indebtedness to the bank. On November 23, 1931, Gooch executed and delivered to the bank his promissory note for $1400, in renewal of the balance due on his original obligation to it. Mrs. Gooch did not know what amount, if any, was due by her husband to the bank; nor did she know that he had given the renewal note after the bankruptcy proceeding. She thought he had been discharged as to his obligation due to the bank. After the maturity of the note for $1400, the bank brought suit against Gooch in the city court of Decatur, and on July 20, 1932, verdict and judgment were rendered in favor of the bank for its principal, interest, attorney's fees, and costs of suit. On July 25, 1932, an execution was issued. The bank then executed and filed for record a quitclaim deed, which was duly recorded, conveying to Gooch, for

the purpose of levy and sale only, the property in controversy. On August 11, 1932, the execution was levied by the sheriff of DeKalb County. On the first Tuesday in September, 1932, after due and legal advertisement, the land was sold by the sheriff in accordance with the law, and was purchased by the bank for $200. On September 6, 1932, after the purchase-price had been paid, the sheriff by proper deed conveyed the land to the bank. This deed was duly recorded on September 6, 1932. In January, 1933, the bank demanded of Mrs. Gooch possession of the property, but she declined to deliver possession, "asserting that she was of the opinion that she had a title to this farm that would hold good in any court." Mrs. Gooch has been in possession of the land since 1927, but did not and does not now claim to have asserted possession adverse to the bank until after the sheriff's sale in September, 1932. Mrs. Gooch claims title to the land under the deed of Hill to her. Since her refusal to surrender possession in January, 1933, her possession of the land has been public, continuous, exclusive, open, notorious, peaceable, uninterrupted, and adverse to the bank and to every one. Both the bank and Mrs. Gooch have returned the land for taxation since January 1, 1933, and each paid state and county tax on it. Since January, 1933, Mrs. Gooch has received $259 as rent from the land, the same being $25 per year from 1933 to 1939, inclusive, and $28 per year from 1940 to 1942, inclusive. She has paid as taxes $190.54 since January, 1933.

This is the second time this case has been before this court, where previously it was held that the superior court did not err in refusing to dismiss the plaintiff's action on demurrer, as the petition stated a cause of action for the relief sought. *Gooch* v. *Citizens & Southern National Bank*, 195 *Ga.* 244 (24 S. E. 2d, 40).

■ Legal title to the land in dispute was vested in the Citizens & Southern National Bank by A. N. Gooch, by security deed, which contained a power of sale, on August 27, 1925, to secure an indebtedness of $2000 which he owed the bank. Subsequently to that date Gooch by warranty deed conveyed his equitable interest or his equity of redemption in the same land to C. M. Hill, and Hill in turn conveyed it by quitclaim deed to Mrs. Gooch, the plaintiff in error. Gooch from time to time reduced his indebtedness to the bank by payments, and gave renewal notes. The last note was for $1400, dated November 23, 1931. This note was not paid, and

after its maturity the bank reduced it to verdict and judgment. The bank had two legal methods for liquidating its claim. First, it had the right, in virtue of the power of sale in the security deed, to advertise and sell the land as attorney in fact for A. N. Gooch, and to apply a sufficient amount of the proceeds to the payment of its claim and the expenses of sale; or second, to bring suit on the note against the maker, and, after obtaining verdict and judgment and the issuance of an execution, to file with the clerk of the superior court of the county where the land was located a quitclaim deed reinvesting Gooch with legal title, and recording the same, for the purpose of levy and sale only, as provided by the Code, § 67-1501; cause the land to be levied on and sold by the sheriff as provided for by § 39-1201; and, after paying the purchase-money, accept from the sheriff his deed to the land sold. In this case the bank elected to liquidate its claim by the second method, and the same title was vested in it by the sheriff's deed (it being conceded by the plaintiff in error that the procedure followed was in all respects regular) which would have vested had the first method of liquidation been followed by the bank. The bank lost none of its rights by the conveyance to Gooch of the legal title for the purpose of levy and sale only, as this was "in effect in escrow for the single purpose named, and has no other meaning." *Gooch* v. *Citizens & Southern National Bank,* supra; *Minchew* v. *Juniata College,* 188 *Ga.* 517, 519 (4 S. E. 2d, 212). There is no merit in the contention that the bank's title to the land in dispute, as derived by the sheriff's deed, is different in effect from what it would have been had the bank elected to exercise the power of sale in the security deed and had sold it as attorney in fact for the maker. The same legal title is vested in the purchaser when either method of sale is adopted and the proper and required procedure followed.

■ Counsel for the plaintiff in error earnestly insists that the judge should have found from the evidence that Mrs. Gooch, because of her possession since the sheriff's sale in September, 1932, which had been public, continuous, exclusive, open, notorious, peaceable, uninterrupted, and adverse to the bank since January, 1933, and under her deed from Hill, had ripened into a prescriptive title superior to any title held by the bank. Prescriptive title arising from pedis possessio is not involved, for the reason that there is no contention that Mrs. Gooch has been in possession for

a period of twenty years or more. Her claim to prescriptive title is based on possession adverse to the bank for seven years or more, under "color of title." Where the other elements of prescription are present, "adverse possession of lands, under written evidence of title, for seven years, shall give a like title by prescription." Code, § 85-407. The phrase "written evidence of title" as so used means color of title, and may be any "writing upon its face professing to pass title, but which does not do it, either from a want of title in the person making it, or from the defective conveyance that is used —a title that is imperfect, but not so obviously so that it would be apparent to one not skilled in the law." *Warlick* v. *Rome Loan & Finance Co.,* 194 *Ga.* 419, 421 (22 S. E. 2d, 61) ; *Beverly* v. *Burke,* 9 *Ga.* 440 (3), 444 (54 Am. D. 351) ; *Byrom* v. *Riley,* 154 *Ga.* 580 (114 S. E. 642). The deeds from A. N. Gooch to C. M. Hill, and from Hill to Mrs. Gooch, were valid conveyances to all of the equitable interest or equity of redemption vested in A. N. Gooch after the conveyance by him of the legal title to the bank, and neither of them professed to pass a greater interest. All of the title which they passed to Mrs. Gooch was subject to the outstanding legal title which had been conveyed to the bank, and all of the title conveyed by them to Mrs. Gooch was divested by the sheriff's sale under the execution against A. N. Gooch, its validity being in no wise questioned. A valid deed conveying title to land is never color of title. *City of Barnesville* v. *Stafford,* 161 *Ga.* 588 (131 S. E. 487, 43 A. L. R. 1045). The prescriptive title claimed by Mrs. Gooch is not shown by the evidence, for several reasons. In the first place, the deed under which she claims passed title to the equity only, and is not color of title. Color of title implies that it is not valid to pass title. In the second place, if she could prescribe under her deed, the extent of her title would be no greater than that actually conveyed to her, which in her case was an equitable interest only. She could acquire by prescription under her deed no greater title than that defined in it. In the third place, all title asserted by her, and any interest or claim that she had because of her deed, was completely divested and extinguished by the sheriff's sale of the land, and thereafter she had no "written evidence of title" on which to base her seven years of possession for title by prescription. *Scott* v. *Paisley,* 158 *Ga.* 876 (124 S. E. 726). After the sheriff sold the land at a legally conducted sale, on an execution against the de-

fendant in fi. fa., which is admitted to be valid, and executed and delivered to the bank his deed to the land in controversy, Mrs. Gooch had no more interest in or claim to the land than one who had never professed to have had title. Her right to remain in possession, and to receive the rents, was as completely divested as was that of the defendant in fi. fa. Possession to be the foundation of a prescription must be in the right of the possessor. Code, § 85-402.

The bank, being the holder of the legal title to the land in dispute, and being entitled to the possession of it, and the possession being wrongfully withheld as against it, was legally entitled to recover from the one in possession the rental value as found by the trial judge. It follows from what has been said that the judge did not err in his judgment.

*Judgment affirmed. All the Justices concur.*