## 46720.   EIBERGER v. MARTEL ELECTRONIC SALES, INC.

Evans, Judge. Martel Electronic Sales, Inc., sued Atlanta Dictating & Business Equipment Company (Horst Eiberger) on open account seeking to recover the sum of $7,393.18. The alleged open account arose out of defendant's purchases, as a dealer of plaintiff, of various electronic recording equipment at wholesale, to be resold by defendant at retail. The defendant denied that he was indebted to plaintiff. In addition, defendant filed a cross action for damages arising out of the alleged breach of an exclusive franchise contract by and between the parties, in which he alleged he had been damaged in the amount of $200,000, for which he seeks judgment. Said contract was attached to the cross action as Exhibit "A." Attention is here called to paragraph 19 of said contract which reads as follows: "This agreement supersedes any and all prior agreements, understandings, or arrangements, whether oral or written, heretofore made between the parties and relating to the subject matter hereof, and the full understanding of the parties is embraced herein." A reading of this contract fails to disclose that defendant dealer was given an exclusive handling of the products for any definite area, although the substance of the cross action is based upon letters and documents in which defendant claims that he was made the exclusive agent of plaintiff for the Atlanta area (Fulton and De-Kalb Counties).

The case proceeded to trial before a jury which returned a verdict for plaintiff in the sum of $5,000, as to the main action and the court directed a verdict for plaintiff and against defendant on the cross action. The judgment followed the verdict and defendant appeals. The enumeration of errors contains 105 enumerations of alleged error. *Held:*

1. The court did not err in allowing in evidence the business records of the plaintiff upon their identification by a

witness, who also testified that the entries were made in the regular course of business, describing the practice of the company, although he personally did not make them. The proper foundation was laid for the admission of same in evidence, the weight and credit being for jury determination. *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376, 379 (100 SE2d 142); *Home Finance Co. v. Smith,* 116 Ga. App. 76 (156 SE2d 522); *Martin v. Baldwin,* 215 Ga. 293 (4) (110 SE2d 344).

2. In all civil cases the jury is required to return a verdict according to the law as given to it in the charge by the court. *Code* § 59-706; *Bank of St. Mary's v. State,* 12 Ga. 475, 497; *Atlantic & B. R. Co. v. Bowen,* 125 Ga. 460 (2) (54 SE 105); *Council v. Teal,* 122 Ga. 61 (5) (49 SE 806); *Livingston v. Taylor,* 132 Ga. 1, 5 (63 SE 694); *Strickland v. State,* 209 Ga. 675 (2) (75 SE2d 6). The court did not err in refusing to send photostatic copies of California appellate court decisions out with the jury.

3. The written contract recited that it superseded any and all prior agreements, understandings or arrangements, whether oral or written, "heretofore made by the parties and relating to the subject matter hereof," which rendered all evidence regarding previous agreements, understandings or arrangements completely nugatory. *Haley v. Evans,* 60 Ga. 157, 159; *Bullard v. Brewer,* 118 Ga. 918 (1) (45 SE 711). Hence, the court did not err in disallowing evidence of transactions occurring prior to the execution of the written contract.

4. The counterclaim, with the exhibit of the written contract attached, shows on its face that said written contract superseded any and all prior agreements, understandings and arrangements, whether oral or written, between the parties; hence the lower court did not err in directing a verdict against defendant on said counterclaim. Both the evidence and the pleadings preclude a recovery by the defendant on the counterclaim. See *Strickland v. Lowry Nat. Bank,* 140 Ga. 653 (2) (79 SE 539); *Vandiver v. Endicott,* 215 Ga. 250, 251 (109 SE2d

775); *Scenic Heights Develop. Corp. v. Harry,* 219 Ga. 253 (1) (132 SE2d 711).

Since the majority of the specifications of error here are concerned with the counterclaim in regard to the disallowance of evidence, exhibits and rulings thereon as to agency, arising out of the evidence submitted by the defendant, in support of said counterclaim none of these enumerations of error is meritorious.

5. The contract showing that plaintiff did not give defendant, as a dealer, an exclusive contract for the handling of the products for any definite area, the court did not err in refusing to admit in evidence certain exhibits with reference to sales of products subsequent to the filing of the original complaint, even though defendant contends they were admissible to prove the amount of sales plaintiff had consummated through other representatives in the area where he claimed an exclusive dealership. The contract fails to show an exclusive sales contract between the parties; consequently, the court did not err in excluding any evidence which had for its purpose the proving of plaintiff's breach of contract, and as bearing upon the amount of damages contended for in the counterclaim.

6. Conceding that certain testimony, admitted over objection that it was hearsay, and was not the highest and best evidence may have been subject to the objections made, a new trial will not be granted, as it does not appear that this evidence was harmful, or that it affected the verdict in any way. *South Ga. R. Co. v. Niles,* 131 Ga. 599 (3) (62 SE 1042). Further, if evidence complained of has previously been admitted without objection, a new trial will not be granted thereon. *Sarman v. Seaboard A. L. R. Co.,* 33 Ga. App. 315 (2) (125 SE 891); *Payne v. Miller,* 89 Ga. 73 (1) (14 SE 926); *Cox v. State,* 64 Ga. 374 (9) (37 ASR 76); *Calhoun v. Chappell,* 117 Ga. App. 865 (3) (162 SE2d 300); *Clemones v. Alabama Power Co.,* 107 Ga. App. 489, 491 (130 SE2d 600). While under new *Code Ann.* § 38-1713 (Ga. L. 1971, p. 460) an objection may not be waived as to the introduction of evidence

on the same subject matter through cross examination or otherwise; nevertheless, it is well settled that a new trial will not be granted for harmless error in the admission of evidence. Code § 70-203; *Battle v. Braswell,* 107 Ga. 128 (1) (32 SE 838); *Shelly v. State,* 108 Ga. App. 6 (2) (132 SE2d 228); *McCrory v. Grandy & Son,* 92 Ga. 319 (4) (18 SE 65); *Wolff v. Ga. S. & F. R. Co.,* 94 Ga. 555 (2) (20 SE 484); *Ford v. Kennedy,* 64 Ga. 537 (6); *Altman v. Strouse,* 210 Ga. 282 (1) (79 SE2d 801); *Dill v. State,* 222 Ga. 793 (2) (152 SE2d 741). Where the jury considers evidence on the same subject matter, admitted without objection, it is not harmful error to allow the same evidence again admitted, over objections, since it would probably not change the result. See *Daughtry v. Savannah & S. R. Co.,* 1 Ga. App. 393, 397 (58 SE 230); *Rogers v. Manning,* 200 Ga. 844 (1) (38 SE2d 724), and cits., p. 849.

7. Having considered this record, which contains 772 pages of transcript, and the 105 enumerations of error, as well as the brief of counsel for the appellant, containing 52 pages, in which brief he argues a number of the enumerations of error together, and cites no authority to support many of them, we find no error in the enumerations of error considered above, and deem all others as waived. Accordingly, the judgment must be

*Affirmed. Jordan, P. J., and Quillian, J., concur.*

ARGUED NOVEMBER 2, 1971—DECIDED JANUARY 4, 1972.

*Moore & Morris, Charles E. Moore, W. Grady Morris,* for appellant.

*Stone & Stone, Hugh W. Stone,* for appellee.